| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| George J. Paukert SBN 183124<br>Law Offices of George J. Paukert<br>44376 Hazel Canyon Lane<br>Palm Desert, CA  92260<br>310-850-0231<br>paukburt@aol.com<br><br><br>☐ *Individual(s) appearing without attorney*<br>☒ *Attorney(s) for:* Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>VICTORY ENTERTAINMENT INC<br>dba VIP Showgirls | CASE NO.: 1:18-bk-11342 VK<br>CHAPTER: 11 |
|---|---|
| | **CHAPTER 11 STATUS<br>CONFERENCE REPORT (INITIAL)** |
| Debtor(s). | <u>Case Status Conference</u><br>DATE: 07/05/2018<br>TIME: 1:00 pm<br>COURTROOM: 301 |

## INSTRUCTIONS TO THE DEBTOR(S)

(1) **Keep your answers brief but informative** (use continuation sheets if necessary, numbered to match the items in this report).

(2) **Do not use this form** (a) for later status reports, which should include only short updates, or (b) if the judge presiding over this case requires the use of a different procedure.

(3) You must file and serve this report **at least 14 days before** the status conference listed above.  Serve it on the Office of the United States Trustee and on any parties requesting special notice, or as otherwise directed by the court.

(4) <u>Failure to follow these instructions may result in dismissal of this case or other sanctions without further notice.</u>

*Definitions:* "Section" ("§") refers to a section of the Bankruptcy Code, Title 11 of the United States Code (11 U.S.C.); a "Rule" means one of the Federal Rules of Bankruptcy Procedure; "LBR" means the Local Bankruptcy Rules; and other terms have the meanings provided in the Bankruptcy Code, the Rules, and the LBR.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                Page 1                        **F 2081-1.1.C11.STATUS.RPT**

## A. OVERVIEW

| | |
|---|---|
| **1.  Bankruptcy Petition** | Date filed: 5 /25/2018 |

**2.  Background and Exit Strategy (discuss all below)**

    a.  The Debtor's business/employment;

    b.  principal assets/ liabilities (including possible avoidance actions, environmental liabilities, etc.);

    c.  what caused the bankruptcy;

    d.  exit strategy (for resolving the principal financial and legal issues); and

    e.  progress made toward consensual resolution of any disputed issues.

*Example:* "the Debtor owns a four-unit apartment building worth approx. $_____, 1st deed of trust approx. $_____, 2nd deed of trust approx. $_____. The Debtor lives in one unit and is employed as building manager. Two tenants stopped paying rent.  Debtor plans to complete evictions, obtain paying tenants, and strip off second deed of trust."

Explain:

See Statement of Major Issues attached as Exhibit D.   Principal Assets are Furnishings, Sound Equipment, Goodwill,

Class Action lawsuits caused the bankruptcy. Exit strategies involve settlement of these cases prior to or through a confirmed Plan.

No negotiation of these contingent, unliquidated and disputed claims have taken place within this bankruptcy.

☒ See attached continuation page(s).

**3.  Petition Document Compliance**

    a.  Has the Debtor filed *all* bankruptcy schedules, the Statement of Financial Affairs ("SOFA"), and *all* other documents required by 11 U.S.C. § 521, Rule 1007, and LBR 1007-1 (*e.g.,* any tax returns required by 11 U.S.C. § 521(f), with social security numbers, names of minor children, and other sensitive information blacked out per 11 U.S.C. § 107, § 112, or Rule 9018?); and

    b.  has the Debtor complied with *all* applicable guidelines established by the U.S. Trustee?

☒ **Yes**

☐ No (explain):

☐ See attached continuation page(s).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 2                                      F 2081-1.1.C11.STATUS.RPT

## B. COMMON "FIRST DAY" MATTERS

**1. Cash Collateral Use (11 U.S.C. § 363(c))**

a. Did the Debtor file a stipulation/motion for use of cash collateral (*see* local form F 2081-2.1.MOTION.CASH.COLLATERAL) with local form F 4001-2.STMT.FINANCE?

☐ **Yes**

b. Did the court approve the requested use of cash collateral?

☐ **Yes** (see Order at docket no. _____).

☒ **No,** there is no cash that any entity can claim as its cash collateral.

☐ No, other reason (explain):

2

☐ See attached continuation page(s).

**2. Budget motion**

Has the Debtor filed a budget motion? *See* Local Form F 2081-2.2.MOTION.BUDGET.

☒ **Yes**

☐ **No, not required by the presiding judge's procedures**

☐ No, other reason (*explain*):

☐ See attached continuation page(s).

**3. Insider compensation and transfers**

Has the Debtor paid any compensation or made any other transfers after this case was filed to or for the benefit of:

(1) Any insider,

(2) Any owner, partner, officer, director or shareholder of the Debtor, or

(3) Any relative of an insider (as defined in 11 U.S.C. § 101(31))

except as permitted per LBR 2014-1 and Form USTLA-12?

☒ **No**

☐ Yes (*explain*):

☐ See attached continuation page(s).

**4. Automatic stay  (11 U.S.C. § 362(c)(3)&(4))**

Is the Debtor an individual who has had one or more bankruptcy cases dismissed within 1 year before this case was filed?

☒ **No; or**

☐ **Yes,** and, for one qualifying dismissal, the Debtor will have *"completed" a hearing* to continue the automatic stay within *30 days* after this case was filed under § 362(c)(3); or

☐ **Yes,** and, for two or more qualifying dismissals, the Debtor will have filed a motion to impose the stay within 30 days after this case was filed, under § 362(c)(4). *See* LBR 4001-2(e), and Local Form F 4001-1.IMPOSE.STAY.MOTION.

☐ Other (*explain*):

☐ See attached continuation page(s).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3                    **F 2081-1.1.C11.STATUS.RPT**

## B. COMMON "FIRST DAY" MATTERS

5. **Utilities (11 U.S.C. § 366)** (*see* Local Form F 2081-2.4.MOTION.UTILITIES)
   Was a utility motion:
   (1) *Filed* within 20 days after this case was filed and
   (2) *Set for hearing* within 30 days after this case was filed?
   ☒ **Yes**

   ☐ **No**, the Debtor has determined that no utility motion is needed

☐ No, other reason (*explain*):



☐ See attached continuation page(s).

## C. LIEN AVOIDANCE ☒ Check here and <u>skip this section</u> if the Debtor does NOT contemplate any lien avoidance.

1. **"Lien Stripping"**
   Does the Debtor intend to avoid any unsecured or under-secured liens under 11 U.S.C. § 506 (including motions per *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1997)("*Lam* motions"))?
   ☒ **No**

☐ Yes (*explain*):



☐ See attached continuation page(s).

2. **Judicial Liens** (see Local Form F 4003-2.1.AVOID.LIEN.RP.MOTION and 4003-2.2.AVOID.LIEN.PP.MOTION)
   Does the Debtor intend to avoid any *judicial* liens under 11 U.S.C. § 522(f)?
   ☒ **No**

☐ Yes (*explain*):



☐ See attached continuation page(s).

## D. PROFESSIONALS (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| Professional's Name | Employment App. Filed | Employment Approved | Type of Employment |
|---|---|---|---|
| George J. Paukert | | | General Bankruptcy Counsel 11 U.S.C. 327(a) |
| | | | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## D. PROFESSIONALS (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| Professional's Name | Employment App. Filed | Employment Approved | Type of Employment |
|---|---|---|---|
|  |  |  |  |

☐ See attached continuation page(s)

| | | | |
|---|---|---|---|
| EXAMPLES:<br>John Doe, Esq. | 1/1/2050 | 1/7/2050 | 11 U.S.C § 327(a) general bankruptcy counsel |
| Jane Roe et al., LLP | 1/4/2050 to UST, app. to be filed | | 11 U.S.C. §§ 327(e) & 328(a) (special counsel, contingent fee, contract dispute) |
| Richard Poe, Accountant | 1/3/2050 | Pending | 11 U.S.C. § 327(a) (accountant) |

## E. PROPOSED DEADLINES / PROCEDURES

| | |
|---|---|
| 1. **Proofs of claim filing deadline**<br>The court will address the deadline to serve a bar date notice at the status conference. | Proposed claims filing bar date: <u>09/30/18</u> |
| 2. **Plan of reorganization (or liquidation)**<br>The court will address plan-related procedures at the status conference. Debtor should be prepared to discuss time estimates for filing a proposed plan and disclosure statement. | Proposed deadline to file a proposed plan and disclosure statement: <u>02/01/19</u> |
| 3. **Special Plan Procedures**<br>Does the Debtor propose special procedures in connection with any plan or disclosure statement, such as a combined hearing on final approval of the disclosure statement and confirmation of the plan (11 U.S.C § 105(d)(2)(B)(vi))?<br>☒ **No** | ☐ Yes (explain):<br><br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                        Page 5                                        F 2081-1.1.C11.STATUS.RPT

**NOTE TO THE DEBTOR: YOU MUST ANSWER ALL APPLICABLE QUESTIONS ON THE ATTACHED PAGES**, which deal with very important but less common issues in Chapter 11 cases, such as more "first day" matters, and cases that might be "single asset real estate" cases, or involve "small businesses," or "health care businesses".

Date: 06/20/2018

Respectfully submitted,

_____
Signature of: (1) Debtor's Attorney or (2) Debtor(s)

George J. Paukert
_____
Printed name

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 6                        F 2081-1.1.C11.STATUS.RPT

## PART II: ADDITIONAL QUESTIONS

**INSTRUCTIONS:** The following matters may not apply in every case, but are very important if they apply to your case. **You must complete every section.**

---

**A.  LEASES AND CONTRACTS** ☐ **Check here and <u>skip this section</u>** if the Debtor is NOT a party to any unexpired leases or unexpired ("executory") contracts (*e.g.,* if the Debtor is a landlord or a tenant).

**NOTE:** *This Status Report is a statement of the Debtor's present intention. It is <u>not</u> equivalent to a motion (if one is required).*

| **1.  Lease or contract (*describe*):** | **Intention:** |
|---|---|
| 20 year lease of premises | ☒ Reject |
| | ☐ Assume |
| | ☐ Assume and assign (per 11 U.S.C. § 365) |
| | ☐ Other (*explain*): |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |
| **2.  Lease or contract (*describe*):** | **Intention:** |
| | ☐ Reject |
| | ☐ Assume |
| | ☐ Assume and assign (per 11 U.S.C. § 365) |
| | ☐ Other (*explain*): |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |
| **3.  Lease or contract (*describe*):** | **Intention:** |
| | ☐ Reject |
| | ☐ Assume |
| | ☐ Assume and assign (per 11 U.S.C. § 365) |
| | ☐ Other (*explain*): |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 7                          **F 2081-1.1.C11.STATUS.RPT**

**B. ADDITIONAL "FIRST DAY" MATTERS** ☐ **Check here and skip this section** if there are NO "first day" matters (caution: double-check the types of motions listed below and read LBR 2081-1).

| | |
|---|---|
| **1. Immediate Payment of Payroll**<br>Does the Debtor need to pay prepetition payroll/benefits (see Local Form F 2081-2.3.MOTION.PAYROLL)?<br><br>☐ **No,** the Debtor does not have employees/qualified independent contractors; or<br><br>☐ **No,** the Debtor's workers were paid in full in cash at the time this case was filed. | ☒ Yes (*explain*):<br><br>Authority to honor pre-petition wages was filed. However, it appears no pre-petition wages were owed.<br><br>☐ See attached continuation page(s). |
| **2. Debtor-in-Possession (DIP) Financing**<br>Does the Debtor contemplate seeking post-petition financing (11 U.S.C. § 364)?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **3. Bank Accounts and Cash Management**<br>Is the Debtor seeking authority to maintain pre-petition bank accounts, or approval of any other cash management system?<br><br>☐ **No** | ☒ Yes (*explain*):<br><br>Debtor seeks agreement with UST to do nightly payout to dancers on 70/30 split on a cash basis<br><br>☐ See attached continuation page(s). |
| **4. Extension to File Petition Documents**<br>Will the Debtor seek more time to file bankruptcy schedules ("Schedules") or Statement of Financial Affairs ("SOFA")?<br><br>☒ **No** (not necessary) | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **5. Special Noticing procedures**<br>Will the Debtor seek to limit notice (or establish special noticing procedures)?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **6. Customer Deposits**<br>Will the Debtor seek authority to honor customer deposits/obligations?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **7. Reclamation Claims**<br>Will the Debtor seek procedures for handling reclamation claims (including claims under 11 U.S.C. §§ 503(b)(9) & 546(c))?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                Page 8                         **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **8. Omnibus Hearings**<br>Will the Debtor seek regularly scheduled omnibus hearing dates?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **9. Immediate Payment of Taxes**<br>Will the Debtor seek authority to pay taxes incurred before this case was filed?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **10. Sale Procedures**<br>Does the Debtor contemplate selling assets out of the ordinary course of business (*see* LBR 6004-1)?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **11. Employee Incentive/Severance Plans**<br>Will the Debtor seek to use incentive or severance plans for employees?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **12. Joint Case Administration**<br>Will the Debtor seek joint administration of this case with another case?<br><br>☒ No, there is no related case. | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **13. Claims/Noticing Agent Appointment**<br>Will the Debtor seek appointment of a claims/noticing agent (*see* Local Form **F 5075-1.1**)?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **14. Confidential Information**<br>Will the Debtor seek approval of an information access protocol under 11 U.S.C. § 1102(b)(3), or to file documents under seal (*see* LBR 5003-2(c))?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **15. Special Committees**<br>Are special committees needed (*e.g.*, retirees) (11 U.S.C. §§ 1102(a)(2), 1114(d)); or, if this is a small business case, should the court order that no committee be appointed (11 U.S.C. § 1102(d))?<br><br>☐ No | ☒ Yes (*explain*):<br>The court should order that no creditor commitees be formed as an uneccessary expense<br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 9                            **F 2081-1.1.C11.STATUS.RPT**

| **16. Other First Day Motions**<br>Does the Debtor contemplate any other "first day" motions (whether or not listed in LBR 2081-1) – e.g., a "critical vendor" motion?<br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
|---|---|

---

**C. CONSUMERS' CONFIDENTIAL INFORMATION** ☒ **Check here and skip this section** if (a) the Debtor does NOT have possession, custody, or control of consumers' confidential information (*e.g.,* "personally identifiable information" per 11 U.S.C. § 101(41A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| **1. Privacy Ombudsman Appointment**<br>Should a "consumer privacy ombudsman" be appointed (11 U.S.C. § 332)?<br>☐ **Yes** | ☐ No (*explain*):<br>Not a health care business nor or are there confidential client lists<br>☐ See attached continuation page(s). |
|---|---|
| **2. Costs of Record Maintenance or Destruction**<br>How will the Debtor arrange and pay for the maintenance, transfer, or destruction of consumers' confidential information? | ☐ *Explain*:<br><br><br>☐ See attached continuation page(s). |

---

**D. SINGLE ASSET REAL ESTATE ("SARE") CASE** ☒ **Check here and skip this section** if (a) this is NOT a "single asset real estate" case (11 U.S.C. § 101(51B)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| **1. Interest Payments to Secured Creditor(s)**<br>Has the Debtor commenced paying postpetition interest to secured creditor(s), at the non-default interest rate, on the value of their interest in the real estate?<br>☐ **Yes**<br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ *Explain*:<br><br><br><br><br>☐ See attached continuation page(s). |
|---|---|
| **2. Plan Filing**<br>Has the Debtor filed "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the meaning of 11 U.S.C. § 362(d)(3)?<br>☐ **Yes**<br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ Explain:<br><br><br><br>☐ See attached continuation page(s). |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 10                                    **F 2081-1.1.C11.STATUS.RPT**

**E. SMALL BUSINESS** ☐ **Check here and skip this section** if (a) the Debtor is NOT a "small business debtor" (11 U.S.C. § 101(51D)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Small Business Duty Compliance**<br>Has the Debtor complied with *all* the duties in 11 U.S.C. § 1116 (including but not limited to maintaining adequate insurance and filing its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return)?<br><br>☐ **Yes** | ☒ No (*explain*):<br><br>case not filed as a Small Business Case. but now As litigant claimants are unliquidated and contingent, unsecured debt is below $ 2,566,050 and case is small business.  However, a creditors commitee may be formed shortly<br>☐ See attached continuation page(s). |
| **2. United States Trustee Inspection**<br>Has the United States Trustee inspected the Debtor's books, records and business premises (per 11 U.S.C. § 1116(7))?<br><br>☐ **Yes** | ☒ No (*explain*):<br>341(a) hearing has not incurred as of this writing and such inspection may be ordered therein (6/28)<br>☐ See attached continuation page(s). |
| **3. United States Trustee Interview**<br>Has the Debtor completed the "initial debtor interview" with the United States Trustee (28 U.S.C. § 586(a)(7))?<br>☒ **Yes** | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **4. Report Scheduling**<br>What schedule does the Debtor propose for filing the "periodic financial and other reports" required by 11 U.S.C. § 308 (*e.g.,* monthly with MORs)? | ☒ Monthly<br>☐ Other (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **5. Automatic Stay**<br>Is the automatic stay applicable?  *See* 11 U.S.C. § 362(n)(1) (which might eliminate the automatic stay if the Debtor was previously a small business debtor, or acquired substantially all of the assets or business of a small business debtor)?<br>☒ **Yes**, the automatic stay applies.<br><br>☐ **No**, the automatic stay does not apply, but the Debtor will seek relief under 11 U.S.C. § 362(n)(2). | ☐ No (*explain*):<br><br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 11                                    **F 2081-1.1.C11.STATUS.RPT**

**F. HEALTH CARE BUSINESS** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor is NOT a "health care business" (11 U.S.C. § 101(27A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Patient Care Ombudsman**<br>Is appointment of a patient care ombudsman required (11 U.S.C. § 333)?<br>☐ **No** | ☐ Yes (*explain*):<br><br>☐ See attached continuation page(s). |
| **2. Costs of Patient Care or Transfer**<br>How will the Debtor arrange and pay for proper care or transfer of any patients, in the event that the Debtor's health care business is closed (*see* 11 U.S.C. § 704(a)(12), incorporated by 11 U.S.C. § 1106(a)(1))? | ☐ *Explain:*<br><br>☐ See attached continuation page(s). |

**G. EMPLOYEE BENEFIT PLANS** ☒ **Check here and <u>skip this section</u>** if there is NO employee benefit plan (per 11 U.S.C. § 704(a)(11), incorporated by 11 U.S.C. § 1106(a)(1))?

| | |
|---|---|
| **1. Debtor's Plan Duties**<br>Was the Debtor, or any entity designated by the Debtor, an "administrator" of such a plan as of the commencement of this case?<br>☐ **No** | ☐ Yes (explain):<br><br>☐ See attached continuation page(s). |
| **2. Plan Administration**<br>What steps will the Debtor take to continue to administer such plan (11 U.S.C. §§ 521(a)(7), 704(a)(11), 1106(a)(1))? | ☐ Explain:<br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 12                          F 2081-1.1.C11.STATUS.RPT

### DECLARATION OF ARSHAVIR KHACHIKIAN

I, Arshavir Khachikian declare as follows. I am over the age of eighteen and if called upon, I could and would competently testify to the following which is within my personal knowledge or based upon information and belief after reasonable investigation.

1. I am the President of Victory Entertainment, Inc. dba VIP Showgirls, the Debtor in Possession ("DIP") in Chapter 11 case no. 1:18-bk-11342 VK.

2. The DIP is engaged in the operation and management of an upscale adult cabaret. The DIP has been operating under current ownership since 2008. The principal assets of the business are the stages, furniture, sound equipment, computer and counting machine to an aggregate value of $ 60,000.00 and goodwill (not calculated). The liabilities of the business are personal loans and trade debt in the amount of $ 267,154.00 and a Federal music royalty litigation claim of approximately $ 22,000.00. In addition to the DIP seeking to restructure the aforementioned debt, the instant Chapter 11 was prompted by 4 class actions for wage and hour that are pending in Superior Court. These claims seek millions of dollars in damages for the alleged violations of wage and hour, unauthorized deduction and

unfair competition on behalf of dancers.  These claims,
the DIP considers are frivolous due to the fact that all
the claimants were never employees but Independent
Contractors.  The DIP considers these claims as a "shake
down" by those that feel the DIP is an easy, wealthy
target.  Nonetheless, the DIP, in order to avoid multiple
litigation, has sought bankruptcy protection and is seeking
to negotiate these claims therein either by negotiation or
through the Plan confirmation process.

3. Attached hereto as **Exhibit A** are the relevant portions of
Schedule A/B and Schedule E/F filed in this case re assets
and liabilities.

4. a. The DIP is in full compliance with 11 U.S.C. s. 521, s.
1107, Rule 1007 of the Federal Rules of Bankruptcy
Procedure and the all applicable guidelines established by
the United States Trustee.

b. The DIP is not using any cash that any party claims as
its cash collateral.

c. The DIP is a small business as defined by 11
U.S.C. s. 101(51D).*

d. This case is not a single asset real estate case.

e. The principal business, financial and legal disputes and
problems is discussed supra in 2.

f., g.  The time frame and best method to resolve these
disputes could vary from several months to more than one

*A creditor's committee may be requested and formed

DECLARATION 2

year depending on success negotiation with claimants or,
failing that, the confirmation process time frames.

5. The DIP has retained Law Offices of George J. Paukert as
its General Bankruptcy Counsel.  The Motion to Employ is to
be completed and filed shortly.  Said law office intends to
employ Lewis Landau, Esq. as Associate Counsel. The types
of services to be rendered by the aforementioned counsel
include the prosecution of the case (motions, hearings,
claims, lease rejection, preparation of Disclosure
Statement and Plan of Reorganization), and assistance in
negotiation of the disputed, un-liquidated and contingent
claims of the litigant claimants.

6. Attached as **Exhibit B** is evidence of the DIP's actual
Income, expenses and cash flow for the last six months.

7. Attached as **Exhibit C** is the DIP's projected income,
expenses and cash flow for the first six months of this
case.

8. The DIP is leasing its business premises on a twenty year
term to expire in 2038.  Due to unfavorable terms including
the landlord requiring the DIP to pay property taxes, the
DIP will reject this lease and seek more favorable terms.

9. Attached as **Exhibit D** is the Major Issues and Timetable
Report that proposes deadlines.

10. I make this declaration in support of the Debtor and Debtor
in Possession's First Status Report.

DECLARATION 3

1        I declare under penalty of perjury of the laws of the

2  United States of America that the foregoing is true and

3  complete.

4

5  Dated: June 18, 2018

6

7

8                    x _____

9                        Arshavir Khachikian

10                       President of Debtor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25


                           DECLARATION 4

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | VICTORY ENTERTAINMENT INC |
| United States Bankruptcy Court for the: | CENTRAL District of CALIF (State) |
| Case number (If known): | 1:18-bk-11342 VK |

EXH A P 1

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

**2. Cash on hand**    $              5,000.00

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | Wells Fargo | DIP checking | 2  0  4  4 | $         14,756.00 |
| 3.2. | Wells Fargo | DIP tax acct | 5  4  0  7 | $              25.00 |

**4. Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1. | _____ | $ _____ |
| 4.2. | _____ | $ _____ |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$         19,781.00

---

| Part 2: | Deposits and prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

Current value of debtor's interest

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1. | S Cal Gas | $              500.00 |
| 7.2. | DWP | $           1,500.00 |

Debtor _____    Case number (if known) __1:18-bk-11342 VK___
          Name

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.
$_____

*EXH A P2*

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No

        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No

    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
| --- | --- |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☐ No. Go to Part 8.

    ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 39. **Office furniture** | | | |
| 120 chairs, 14 sofas | $_____ | liquidation val | $          10,000.00 |
| 40. **Office fixtures** | | | |
| Safe    55 lapdance booths | $_____ | liquidation val | $          10,000.00 |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 2 Computers, DJ Equipment, Money counting mach | $_____ | liquidation val | $          40,000.00 |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.
$          60,000.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐ No

    ☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

Debtor    VICTORY ENTERTAINMENT INC
　　　　　　Name

Case number *(if known)*    1:18-bk-11342 VK

---

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 19,781.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 2,000.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 60,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .............................. → | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........91a. | $ 81,781.00 | + 91b. $ 81,781.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .................................................... $ 81,781.00

*EXH A P3*

Debtor    Case 1:18-bk-11342-VK   Doc 31   Filed 06/20/18   Entered 06/20/18 23:47:49   Desc
Name
Main Document    Page 20 of 26
Case number (if known) 1-18-bk-11342 VK

**Part 2:   List All Creditors with NONPRIORITY Unsecured Claims**

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1**   Nonpriority creditor's name and mailing address

Plaintiff Tasia and Shandy civil lawsuit wage and hr

Adam Rose Law Ofc of Robert Starr
23901 Calabasas Rd Ste 2072
Calabasas, CA 91302

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: litigation claim 6 fig

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

**3.2**   Nonpriority creditor's name and mailing address

Plaintiff T-A Quagliariello et al Class Act wage/hr

Blumenthal Nordrehaug Bhowmik
225 Calle Clara
La Jolla, CA 92037

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: lit claim 6 to 7 figure

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

**3.3**   Nonpriority creditor's name and mailing address

Stacy Salazar et al Class Act wage and hour

Cohon & Pollock LLP
1999 Ave of the Stars #110
Los Angeles, CA 90067

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: lit claim 6 to 7 figure

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

**3.4**   Nonpriority creditor's name and mailing address

Broadcast Music Inc et al

Troygould PC
1801 Century Park East 16th floor
Los Angeles, CA 90067

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

$ 22,000.00

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

**3.5**   Nonpriority creditor's name and mailing address

Green Cap Construction
3836 Los Feliz Blvd

Los Angeles, CA 90027

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Trade-Construction

$ 35,000.00

Date or dates debt was incurred 2015-2016

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

**3.6**   Nonpriority creditor's name and mailing address

Hala Enterprises, LLC
7785 Skyhill Dr

Los Angeles, CA 90068

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business loan

$ 65,154.00

Date or dates debt was incurred 2015-2016

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

EXH A P 4

Debtor _____ Case number (if known) 1:18-bk-11342-VK
Name

---

**Part 2:    Additional Page**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| | |
|---|---|
| 3.___ **Nonpriority creditor's name and mailing address**<br><br>Valentina Papazian<br><br>2025 E Live Oak Dr<br><br>Los Angeles, CA 90068 | **As of the petition filing date, the claim is:** $150,000.00<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>☐ Liquidated and neither contingent nor disputed<br><br>**Basis for the claim:** Business loan |
| **Date or dates debt was incurred** 2015-2016<br>**Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes |
| 3.___ **Nonpriority creditor's name and mailing address**<br><br>Exclusive Home Furnishing<br><br>561 W Colorado St<br><br>Glendale, CA 91204 | **As of the petition filing date, the claim is:** $17,000.00<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** Trade furnishings |
| **Date or dates debt was incurred** 2015-2016<br>**Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes |
| 3.___ **Nonpriority creditor's name and mailing address**<br><br><br> | **As of the petition filing date, the claim is:** $_____<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _____ |
| **Date or dates debt was incurred** _____<br>**Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?**<br>☐ No<br>☐ Yes |
| 3.___ **Nonpriority creditor's name and mailing address**<br><br><br> | **As of the petition filing date, the claim is:** $_____<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _____ |
| **Date or dates debt was incurred** _____<br>**Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?**<br>☐ No<br>☐ Yes |
| 3.___ **Nonpriority creditor's name and mailing address**<br><br><br> | **As of the petition filing date, the claim is:** $_____<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** _____ |
| **Date or dates debt was incurred** _____<br>**Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?**<br>☐ No<br>☐ Yes |

EXH A P5

**VICTORY ENTERTAINMENT INC    CASH FLOW JANUARY 2018 TO MAY 2018**

<u>January 2018</u>

Income:  $ 93,217.00

Fixed Expenses:

   Rent, taxes, fees:  $ 35,505.00

   Payroll:              $ 27,900.00

   Utilities, misc:      $ <u>18,461.00</u>

   Total                 $ 81,866.00        Profit  $ 11,351.00

<u>February  2018</u>

Income:              $ 88,165.00

Expenses as above: $ 81,866.00        Profit    $ 6,299.00

<u>March 2018</u>

Income:              $ 107,495.00

Expenses as above:$  81,866.00        Profit  $ 25,629.00

EXHIBIT B  PAGE 1

April 2018

Income:            $ 96,507.00

Expenses as above: $ 81,866.00        Profit  $ 14,641.00

May 2018

Income:            $ 108,603.00

Expenses as above: $  81,866.00        Profit  $ 26,737.00

EXHIBIT B PAGE 2

**VICTORY ENTERTAINMENT INC   CASH FLOW PROJECTION   JUNE TO NOV. 2018**

June 2018

Income:            $ 120,000.00 proj

Fixed Expenses:

  Rent, taxes, fees: $ 35,505.00

  Payroll:            $ 30,000.00

  Utilities, misc:    $ 21561.00

  Total:             $ 87,066.00        Profit   $ 32,934.00

July 2018

Income:            $ 125,000.00

Fixed Expenses: $  87,066.00        Profit   $ 37,934.00

August 2018

Income:            $ 130,000.00

Fixed Expenses:  $  87,066.00        Profit   $ 42,934.00

September 2018

Income:            $ 120.000.00

Fixed Expenses: $  84,866.00        Profit   $ 35,134.00

EXHIBIT C PAGE 1

October 2018

Income:          $ 115,000.00

Fixed Expenses: $ 84,866.00          Profit  $ 30,134.00

November  2018

Income:          $ 110,000.00

Fixed Expenses:  $ 84,866.00        Profit   $ 25,134.00

EXHIBIT C PAGE 2

**VICTORY ENTERTAINMENT INC**

**Statement of Major Issues and Timetable**

**Major Issues:**

Debtor in Possession is an Adult Cabaret featuring live dancers on stage and is located in
North Hollywood dba VIP Showgirls.  It is fully licensed and insured and has payroll
staff such as bartender, waitresses, etc.  The Dancers are all 1099 independent contractors
and not on payroll.   Their income is exclusively generated from customer tips.  The
Debtor leases the 10,000 sq foot premises on a twenty year lease renewing in 2038.  The
club is in excellent condition and with furnishings, lighting, parking, amenities would be
considered an "upscale gentlemen's club".   The cash flow is positive on a monthly
business and gross sales are in excessive on $ 1,000,000 per year.   Debtor has current
liabilities of $ 289,154.00 of unsecured non-priority debt.  The Debtor is current with
Income tax, payroll and payroll taxes, business licenses, and insurance.  In addition, to
the unsecured debt, Debtor is seeking protection to reorganize under Chapter 11  due to 4
civil class action lawsuits claimed for unpaid wages, rest breaks, meal breaks etc. brought
on behalf of over 3000 dancers who worked there over the past 10 years. The wage and
hour, meal and rest break class action lawsuits seek 6 to 7 figure damages each.  The
Debtor disputes these actions and regards them as frivolous and, in fact, a shake-down
against a profitable enterprise.  However, in State Court Debtor was denied a jury trial
and, not wishing to proceed, sought protection under Title 11.  The resolution of these
contingent, disputed and un-liquidated claims will be sought via negotiation and/or
through the Plan confirmation process as well as restructuring of unsecured debt above.

**Timetable:**

| | |
|---|---|
| Meeting of Creditors: | June 28, 2018 |
| Status Conference: | to be set by Court |
| Proposed Creditor Bar Deadline to File Proof of Claim: | September 30, 2018 |
| Proposed Deadline To Object to Proof Of  Claim: | November 1. 2018 |

Proposed Deadline to file
Disclosure Statement and
Plan of Reorganization:   to be set by Court

EXH  D