| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elissa D. Miller (CA Bar No. 120029) <br> *emiller@sulmeyerlaw.com* <br> SulmeyerKupetz <br> A Professional Corporation <br> 333 South Grand Avenue, Suite 3400 <br> Los Angeles, California 90071 <br> Telephone: 213.626.2311 <br> Facsimile: 213.629.4520 | |
| ☐ *Debtor(s) appearing without an attorney* <br> ☒ *Attorney for: Howard M. Ehrenberg, Chapter 7 Trustee* | |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re: <br><br> VICTORY ENTERTAINMENT INC., <br><br><br><br><br><br><br><br> Debtor(s). | CASE NO.: 1:18-bk-11342-VK <br> CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION** <br><br> **[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) <u>Victory Entertainment Inc.</u>,
   filed a motion or application (Motion) entitled <u>Chapter 7 Trustee's Motion for an Motion; 1) Approving Settlement Agreement with Hala Enterprises, LLC, a California Limited Liability Company Pursuant to Bankruptcy Rule 9019; 2) Finding that Hala Enterprises, LLC is a Good Faith Purchaser of the Personal Property Pursuant to 11 U.S.C. § 363(m); and 3) Deeming the Books and Records Remaining at the Leased Premises After November 10, 2018, are Abandoned Pursuant to 11 U.S.C. § 554; Memorandum of Points and Authorities; Declaration of Howard M. Ehrenberg in Support Thereof</u>

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. *(Check appropriate box below):*

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **<u>DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING</u>:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*          Page 1          **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

American LegalNet, Inc. <br> www.FormsWorkFlow.com

a.   If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b    If you fail to comply with this deadline:

(1)   Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)   Movant will lodge an order that the court may use to grant the Motion; and

(3)   The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 11/2/2018

/s/Elissa D. Miller
Signature of Movant or attorney for Movant

Elissa D. Miller
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                          Page 2                F 9013-1.2.OPPORTUNITY.HEARING.NOTICE


American LegalNet, Inc.
www.FormsWorkFlow.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
 333 South Grand Avenue, Suite 3400, Los Angeles, California 90071


A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1 (o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:


**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/02/2018___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Paul A Beck on behalf of Creditor Stacy Salazar, et al.
pab@pablaw.org

Paul A Beck on behalf of Interested Party Paul A. Beck
pab@pablaw.org

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

Lewis R Landau on behalf of Debtor Victory Entertainment Inc
Lew@Landaunet.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;emillersk@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

Elissa Miller on behalf of Trustee Howard M Ehrenberg (TR)
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;emillersk@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

David L Oberg on behalf of Creditor HALA Enterprises, LLC
david@oberglawapc.com

George J Paukert on behalf of Debtor Victory Entertainment Inc
paukburt@aol.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/02/2018___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3             **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**



**Debtor**
Victor Entertainment Inc.
12147 Victor Boulevard
North Hollywood, CA 91606

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* 11/02/2018    , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Victoria S. Kaufman
U.S. Bankruptcy Court
Bin on 1st Floor outside entry to Intake Section
21041 Burbank Blvd.
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/02/2018 | Denise Walker | /s/Denise Walker |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                Page 3                **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

American LegalNet, Inc.
www.FormsWorkFlow.com

**2.SERVED BY UNITED STATES MAIL**:

Hala Enterprises, LLC
7785 Skyhill Drive
Los Angeles, CA 90068-1231

Adam Rose
Law Office of Robert Starr
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302-3303

Blumenthal Nordrehaug Bhowmik
2255 Calle Clara
La Jolla, CA 92037-3107

City of Los Angeles Office of Finance
Los Angeles City attorney's Office
200 N Main Street, Suite 920
Los Angeles, CA 90012-4128

Department of Water and Power City of Los An
Attn: Bankruptcy
PO Box 51111
Los Angeles, CA 90051-5700

Exclusive Home Furnishing
561 W Colorado Street
Glendale, CA 91204-1101

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Green Cap Construction Inc.
3836 Los Feliz Blvd.
Los Angeles, CA 90027-2418

Jeffrey M Cohon
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-4618

Murray M Sinclair
12100 Wilshire Boulevard, Suite 1275
Los Angeles, CA 90025-7143

Robert I Manuwal
The Trillium Suite 270
6320 Canoga Ave
Woodland Hills, CA 91367-2526

Valentina Papazian
2025 East Live Oak Drive
Los Angeles, CA 90068-3636

George J Paukert
Law Offices of George J. Paukert
44376 Hazel Canyon Lane
Palm Desert, CA, CA 92260-3054

Lewis R. Landau
22287 Mulholland Hwy., # 318
Calabasas, CA 91302-5157

Paul A. Beck
13701 Riverside Drive
Suite 202
Sherman Oaks, CA 91423-2447

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                        Page 3                          **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

American LegalNet, Inc.
www.FormsWorkFlow.com

Elissa D. Miller (CA Bar No. 120029)
    emiller@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

(Proposed) Attorneys for Howard M.
Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:18-bk-11342-VK |
|---|---|
| VICTORY ENTERTAINMENT INC., | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER:** |
| | **1) APPROVING SETTLEMENT AGREEMENT WITH HALA ENTERPRISES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY PURSUANT TO BANKRUPTCY RULE 9019;** |
| | **2)  FINDING THAT HALA ENTERPRISES, LLC IS A GOOD FAITH PURCHASER OF THE PERSONAL PROPERTY PURSUANT TO 11 U.S.C. §363(m); and** |
| | **3)  DEEMING THE BOOKS AND RECORDS REMAINING AT THE LEASED PREMISES AFTER NOVEMBER 10, 2018, ARE ABANDONED PURSUANT TO 11 U.S.C. §554** |
| | **MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF** |
| | **[Declaration of Agassi Halajyan filed Under Separate Cover** |
| | [No Hearing Required Unless Requested] |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX  213.629.4520

**TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, AND PARTIES ENTITLED TO NOTICE:**

Howard M. Ehrenberg, the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of the above-captioned debtor Victory Entertainment Inc. (the "Debtor"), hereby files this "Motion for Order 1) Approving the Settlement Btween the Trustee, on the One Hand, and Hala Enterprises, LLC, a California Limited Liability Company ("Landlord") Pursuant to Bankruptcy Rule 9019; Finding that Hala Enterprises, LLC is a Good Faith Purchaser of the Personal Property Pursuant to 11 U.S.C. §363(m); and 3)  Deeming the Books and Records Remaining at the Leased Premises After November 10, 2018, Abandoned Pursuant to 11 U.S.C. §554 (the "Motion").

The Landlord is the landlord of the premises ("Premises") in which the Debtor operated its business pursuant to a written lease.  The lease was rejected as a matter of law pursuant to Section 365 and the Trustee has surrendered the Premises to the Landlord.  However, remaining at the Premises are various items of personal property, including but not limited to, those used in the operation of a strip club, lockers, miscellaneous lightbulbs, tools, sound and lighting equipment, furniture and a large safe all of which is property of the bankruptcy estate (the "Property").  Also at the Premises are various business and financial records.  Pursuant to the Settlement, the Landlord has agreed to pay to the estate the sum of $10,000 for all of the Property and to allow the Trustee access to the Premises for a limited time to remove such additional books and records as the Trustee requires in connection with the administration of the Estate.  In exchange the Trustee has agreed to seek approval of the Settlement, including that the order provide that the Landlord is a good faith purchaser of the Property pursuant to Section 363(m) and further, that the books and records remaining on the premises after November 10, 2018, are deemed abandoned pursuant to Section 554.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

In his business judgment, the Trustee believes that the proposed settlement in its entirety is fair, reasonable and of benefit to the bankruptcy estate and its creditors.

This motion is brought pursuant to Federal Rule of Bankruptcy Procedure 9019(a) and Local Bankruptcy Rule 9013-1(o) on the grounds that the Trustee has determined that the Settlement, in its entirety, is in in the best interest of the estate

This motion is based on this Motion, the attached Memorandum of Points and Authorities and Declaration of Howard M. Ehrenberg and the separately filed Declaration of Agassi Halajyan.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order:

1.      Approving the settlement;

2.      Finding that Hala Enterprises, LLC is a good faith purchaser within the meaning of 11 U.S.C. §363(m);

3.      Deeming that the books and records remaining at the Landlord's premises after November 10, 2018 are deemed abandoned pursuant to 11 U.S.C. §544;

4.      Authorizing the Trustee to take any and all other actions necessary or appropriate to effectuate and/or enforce the settlement;

5..     Granting such other relief as the Court deems just and proper.

DATED: November 2, 2018                **Sulmeyer**Kupetz
                                        A Professional Corporation


                                        By:  */s/Elissa D. Miller*
                                             Elissa D. Miller
                                             (Proposed) Attorneys for
                                             Howard M. Ehrenberg, Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### STATEMENT OF FACTS

4        On May 25, 2018, the Debtor filed a petition under Chapter 11 of the United States

5 Bankruptcy Code commencing the instant bankruptcy case.  Pre-petition, the Debtor was

6 in the business of owning and operating a gentleman's club under the tradename "VIP

7 Showgirls."   The Business was operated in the Premises rented from the Landlord in

8 North Hollywood, California.

9        The Debtor remained in possession until on or about July 10, 2018, when this

10 Court ordered the appointment of a Chapter 11 Trustee due to the Debtor's failure to

11 maintain appropriate worker's compensation insurance, among other grounds, and

12 Howard M. Ehrenberg was appointed as the Chapter 11 trustee.

13        Following his appointment, the Trustee investigated the Debtor's business.  Due to

14 the Debtor's lack of appropriate worker's compensation insurance, its paying of certain of

15 its employees cash, and its non-payment of payroll taxes, the Trustee entered into a

16 stipulation with the Debtor and a group of class action plaintiff showgirls, to allow the club

17 to operate while the Trustee attempted to negotiate a settlement of the long pending

18 class action lawsuit and to avoid the shutdown of the Debtor's business.  During this

19 period, the Trustee ascertained that the Debtor was renting the Premises in which it

20 operated its business from the Landlord.

21        On or about August 29, 2018, the Trustee determined that no settlement was

22 possible and shut down the Debtor's business and on August 30, 2018, the Trustee filed

23 a Motion to Convert the Case to one under Chapter 7 [Docket No. 77].  The Court

24 converted the case to one under Chapter 7 by Order entered on September 27, 2018 and

25 the Trustee was thereafter appointed as the Chapter 7 Trustee.  [Docket Nos. 108 and

26 111].  The Trustee has been serving in that capacity since his appointment.

27        In the course of his investigations, the Trustee visited the Premises where the

28 Debtor conducted its business.  The Trustee noted the existence of the Property, some of

1  which was likely fixtures, including, among other things, items used in the operation of a

2  strip club, lockers, miscellaneous lightbulbs, tools, sound and lighting equipment,

3  furniture and a safe in the Debtor's principal's office.  The Trustee did not assume the

4  lease of the Premises, which is now rejected by operation of law.

5       Based on his experience, the Trustee believed that the value of the Property is

6  greater at the Premises than if the Trustee attempted to sell the Property and, therefore,

7  made an offer to the Landlord to settle with the Landlord in exchange for its retention of

8  the Property and the Trustee's continued access to the Premises for a limited period to

9  take possession of any additional books and records he deems necessary.

10      After negotiations, the Trustee and the Landlord reached the Agreement, approval

11  of which is sought by this Motion.

12  II.

13  **THE AGREEMENT**

14      The following is a summary of the terms of the Agreement.  For a complete

15  statement of its terms, parties in interest should review the Agreement which is attached

16  as **Exhibit 1** to the Declaration of Howard M. Ehrenberg.

17      1.     Within three business days from the date of entry of Final Order, Landlord

18  shall pay the Trustee the sum of $10,000 for the Property.  The Property is being sold to

19  the Landlord, "as is" and "where is" without any warranties or representations from the

20  Trustee as to the condition of the Property and without overbid. The Trustee agreed to

21  request in the Motion a finding that Landlord is a "good faith" purchaser pursuant to Code

22  §363(m).

23      4.     The Landlord agrees that the Trustee may have access to the Premises

24  through November 2, 2018 to complete the Trustee's review the Debtor's remaining

25  books and records and to remove such additional records as the Trustee deems

26  necessary in his sole discretion and at the mutual convenience of the Landlord and the

27  Trustee.  Any records remaining after November 10, 2018 shall be deemed abandoned

28  by the Trustee and the Order approving this agreement shall so provide.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

III.

**THE COURT SHOULD APPROVE THE SETTLEMENT BECAUSE IT IS FAIR, EQUITABLE AND IN THE BEST INTERESTS OF THE ESTATE**

Federal Rule of Bankruptcy Procedure 9019 provides that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Banker. P. 9019. Compromise is favored over continued litigation. See In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) (citing Port O'Call Investment Co. v. Blair (In re Blair), 538 F.2d 849, 851 (9th Cir. 1976)). A compromise should be approved if it is "fair and equitable." In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988); In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986); Burton v. Ulrich (In re Schmidtt), 215 B.R. 417, 424 (9th Cir. B.A.P. 1997) (considering whether a compromise is fair and equitable for the creditors and whether it is in the best interests of the estate). "Whether a compromise will benefit or harm the debtor is immaterial." Burton v. Ulrich (In re Schmidtt), 215 B.R. at 424.

In determining whether to approve a compromise or settlement, the court must consider the following factors:

    (1)    the probability of success in the litigation;

    (2)    the difficulties, if any, to be encountered in the matter of collection;

    (3)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and

    (4)    the paramount interest of the creditors and a proper deference to their reasonable views.

In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988); In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986). When considering these factors, the court need "only canvass the issues." In re Schmitt, 215 B.R. at 423 (citing In re Blair, 538 F.2d at 851-52); Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied, 464 U.S. 822 (1983). "A mini trial on the merits is not required." In re Schmitt, 215 B.R. at 423. A compromise or settlement should be approved unless it "fall[s] below the lowest

1   point in the range of reasonableness." <u>Cosoff v. Rodman (In re W.T. Grant Co.)</u>, 699

2   F.2d 599, 608 (2nd Cir. 1983), <u>cert. denied</u>, 464 U.S. 822 (1983); <u>see also</u> <u>In re A & C</u>

3   <u>Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986) (holding that a settlement should be

4   approved if it is reasonable given the particular circumstances of the case), <u>cert. denied</u>,

5   479 U.S. 854 (1986).

6        The compromise approval process does not contemplate that a bankruptcy court

7   will substitute its business judgment for that of a trustee.  To the contrary, a settlement

8   that has been negotiated by a trustee, as representative of the estate, is entitled to

9   deference.  <u>See</u> <u>In re Morrison</u>, 69 B.R. 586, 592 (Banker. E.D. Pa. 1987) ("the objecting

10  creditors may not substitute their judgment for that of the Trustee.").

11       The Trustee has reviewed each of the A&C factors and has concluded that the

12  Agreement is fair and reasonable, in his best business judgment and in the best interests

13  of the estate.

14       In the instant case, the issues is whether the Trustee would continue to have

15  access to the premises and at what cost to the estate in order to market and sell the

16  Property.  It is the Trustee's opinion, as a trustee for more than 20 years, that the

17  additional administrative rent and the costs of sale the estate would incur to have the

18  Property sold to a third party through an auction process, would more than exceed the

19  value of the Property.  Thus, the Trustee believes that $10,000 for the Property is fair and

20  equitable.

21       By selling the Property to the Landlord, the Trustee is avoiding not only

22  administrative fees and expenses and the costs of sale, but also the legal fees and delay

23  in selling the property.

24       Thus, the Trustee believes that the fourth A&C factor, the paramount interest of

25  the creditors and a proper deference to their reasonable views, militates in favor of the

26  settlement.  The Agreement brings funds into the case now, without delay, and without

27  incurring significant expense.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    Therefore, for the aforementioned reasons, it is the Trustee's business judgment

2    that the settlement is fair, equitable, in the best interests of the estate and should be

3    approved.

4                                            **IV.**

5                    **THE AGREEMENT IS PROPOSED IN GOOD FAITH**

6    Section 363(m) of the Bankruptcy Code authorizes the Court to make a finding

7    that a buyer is a good faith purchaser.  A good faith purchaser of property is protected

8    from the consequences of reversal of the order authorizing a sale so long as the trial

9    court finds that the purchaser acted in good faith and the aggrieved party fails to obtain a

10   stay of the sale order.  In essence, the purpose of section 363(m) is to disable courts

11   from backtracking on promises with respect to bankruptcy sales in the absence of bad

12   faith.  Kham and Nate's Shoes No. 2 v. First Bank, 908 F.2d 1351, 1355 (7th Cir. 1990).

13   Although the Bankruptcy Code does not define the term "good faith," courts have

14   provided guidance as to the appropriate factors to consider in this regard.  Generally

15   speaking, to find that a purchaser has acted in good faith, the Court should focus on the

16   integrity of the conduct of the buyer during the course of the sale, the disclosure of all

17   material sale terms, and the absence of fraud or collusion.  See In re Pine Coast Ent.,

18   Ltd., 147 B.R. 30, 33 (Bankr. N.D. Ill. 1992); and In re Abbotts Dairies of Pennsylvania,

19   Inc., 788 F.2d 143, 147 (3rd Cir. 1986).

20   Here, although this is a settlement rather than a typical sale, the Trustee is in

21   essence selling the Property to the Landlord and the Trustee has agreed to seek an order

22   pursuant to Section 363(m).

23   In this case, although the Landlord is related to the Debtor, the Landlord has no

24   relationship to the Trustee.  The transaction was negotiated at arms-length between the

25   Trustee and the Landlord and the Debtor had no input or say in the transaction.  Further,

26   the Landlord presented the offer for the sole purpose of entering into the Agreement with

27   the Trustee and negotiated the terms in good faith.  By reason thereof, there appears to

28   be no facts raising the specter of bad faith or calling into question the intentions of the

1    Landlord.  The Trustee therefore requests that the Court extend Section 363(m)

2    protection to the Landlord.

3                                          **V.**

4              **THE PERSONAL PROPERTY REMAINING ON THE PREMISES**

5                       **SHOULD BE DEEMED ABANDONED**

6              Prior to entering into this Agreement and prior to the conversion of the case, the

7    Trustee removed various books, records and the computer from the Premises.  However,

8    additional records remained.

9              Therefore, and notwithstanding the surrender of the Premises, pursuant to the

10   Agreement, the Landlord is allowing the Trustee additional time to determine whether he

11   requires any of the other books and records remaining.  Thus, the Agreement calls for the

12   Trustee to abandon any remaining personal property including the books and records

13   remaining on the premises after August 10, 2018.

14             Section 554 of the Bankruptcy Code allows a trustee to abandon property of the

15   estate, stating in pertinent part:

16                       (a)  After notice and a hearing, the trustee may abandon any
                         property of the estate that is burdensome to the estate or that
17                       is of inconsequential value and benefit to the estate.  11
                         U.S.C. § 554(a).

18

19             The Trustee has now determined that to the extent that books and records remain

20   on the Premises after November 10, 2018, those books and records are not necessary to

      the administration of the estate.  Thus, the Trustee has determine that those books and
21
      records are of inconsequential value or benefit to the Estate and should be abandoned.
22
                                          **VI.**
23
                                    **CONCLUSION**
24
               For the reasons set forth above, the Trustee respectfully requests that the Court
25
      enter an order:
26
               1.       Approving the settlement;
27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

2.      Finding that Hala Enterprises, LLC is a good faith purchaser within the meaning of 11 U.S.C. §363(m);

3.      Deeming that the books and records remaining at the Landlord's premises after November 10, 2018 are deemed abandoned pursuant to 11 U.S.C. §544;

4.      Authorizing the Trustee to take any and all other actions necessary or appropriate to effectuate and/or enforce the settlement;

5..     Granting such other relief as the Court deems just and proper.

DATED: November 2, 2018                    **Sulmeyer**Kupetz
                                           A Professional Corporation


                                    By:    */s/Elissa D. Miller*
                                           Elissa D. Miller
                                           (Proposed) Attorneys for
                                           Howard M. Ehrenberg, Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

## **DECLARATION OF HOWARD M. EHRENBERG**

2    I, Howard M. Ehrenberg, declare as follows:

3    1.    I am an individual over the age of eighteen, and I am the duly appointed,

4 qualified and acting chapter 7 trustee of the bankruptcy estate of Victory Entertainment

5 Inc. (the "Debtor").

6    2.    Except as otherwise indicated, all statements made herein are based on my

7 personal knowledge or my review of relevant documents.  If called to testify as a witness

8 in this matter, I could and would competently testify under oath to the truth of the

9 statements set forth herein.

10    3.    I make this declaration in support of the attached Motion for Order 1)

11 Approving the Settlement Between the Trustee, on the one hand, and Hala Enterprises,

12 LLC, a California Limited Liability Company Pursuant to Bankruptcy Rule 9019; Finding

13 that Hala Enterprises, LLC is a Good Faith Purchaser of the Personal Property Pursuant

14 to 11 U.S.C. §363(m); and 3)  Deeming the Books and Records Remaining at the Leased

15 Premises After November 10, 2018, Abandoned Pursuant to 11 U.S.C. § 554 (the

16 "Motion").

17    4.    The facts underlying this application are as follows:  On May 25, 2018, the

18 Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code

19 commencing the instant case bankruptcy case.  Pre-petition, the Debtor was in the

20 business of owning and operating a gentleman's club under the tradename "VIP

21 Showgirls" located in North Hollywood, California.

22    5.    The Debtor remained in possession until on or about July 10, 2018, on

23 which date the Court ordered the appointment of a Chapter 11 Trustee and I was

24 appointed as such.

25    6.    Following my appointment, I reviewed the docket, I spoke with the Debtor

26 and other parties in interest and investigated the Debtor's business.  Due to the Debtor's

27 lack of appropriate worker's compensation insurance, its paying of certain of its

28 employees cash, and its non-payment of payroll taxes, I entered into a stipulation with the

1 Debtor, and a group of class action plaintiff showgirls, to allow the club to operate while I

2 attempted to negotiate a settlement of the long pending class action lawsuit and to avoid

3 the shutdown of the Debtor's business.  During this period, I ascertained that the Debtor

4 was renting the Premises in which it operated its business from a business owned by a

5 cousin of the Debtor's principal, an insider.

6    7.  On or about August 29, 2018, I determined that no settlement was possible

7 and shut down the Debtor's business and on August 30, 2018, I filed a Motion to Convert

8 the Case to one under Chapter 7 [Docket No. 77].  The Court converted the case to one

9 under Chapter 7 by Order entered on September 27, 2018 and I was thereafter appointed

10 as the Chapter 7 Trustee.  [Docket Nos. 108 and 111]  I have been serving in that

11 capacity since my appointment.

12    8.  In the course of my investigations, I visited the Premises where the Debtor

13 conducted its business.  I noted the existence of personal property, some of which was

14 likely fixtures, and other property which was not, such as furniture, lighting and sound

15 equipment and a safe in the Debtor's principal's office.  I did not assume the lease of the

16 Premises, which is now rejected by operation of law.

17    9.  Based on my over twenty years of experience as a trustee, I concluded that

18 the value of the Property is greater at the Premises than if I attempted to sell the Property

19 to a third party.  I therefore made an offer to the Landlord to pay to the estate $10,000 to

20 settle in exchange for its retention of the personal property and my continued access to

21 the premises for a limited period to determine whether there were any other books and

22 records I required for the administration of the estate.  I believe that $10,000 is an

23 excellent price for this property.

24    10.  In entering into the Agreement, I reviewed each of the A&C factors and

25 have concluded that the settlement is fair and reasonable, in my best business judgment

26 and in the best interests of the estate.

27    11.  In the instant case, the issue is one of whether I would continue to have

28 access to the Premises and at what cost to the Estate in administrative rent in order to

1  market and sell the Property.  By selling the Property to the Landlord, I am avoiding

2  incurring additional administrative rent, the fees and expenses and the costs of sale, and

3  the legal fees and delay in selling the Property.

4        12.    Thus, it is my opinion that the fourth A&C factor, the paramount interest of

5  the creditors and a proper deference to their reasonable views, militates in favor of the

6  settlement.  The Agreement brings funds into the case now, without delay, and without

7  incurring significant expense.

8        13.    I have also determined that the records remaining at the premises are of

9  inconsequential value or benefit to the estate and are not needed toward the investigation

10  or administration of the bankruptcy estate.  Therefore, I believe that abandonment is

11  appropriate.

12        14.    Finally, I believe that the Landlord is entitled to good faith purchaser status.

13  As set forth in the Declaration of Agassi Halajyan, the Agreement was negotiated at

14  arms-length and is fair and equitable.

15        I declare under penalty of perjury that the foregoing is true and correct and that

16  this Declaration was executed on November __1__, 2018 at Los Angeles, California.

17

18  _____

19  Howard M. Ehrenberg

20

21

22

23

24

25

26

27

28

EDM\ 2650193.3

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of October 20, 2018, by and between Howard M. Ehrenberg, the duly appointed Chapter 7 Trustee ("Trustee") for the estate of Victory Entertainment, Inc., a California corporation ("Debtor"), and Hala Enterprises, LLC, a California Limited Liability Company ("Landlord"), with respect to the following:

## RECITALS

A.    On January 1, 2008, Landlord and Debtor entered into that certain Lease Agreement ("Lease") for the real property and improvements located at 12147 Victory Boulevard, North Hollywood, California ("Premises").

B.    On May 25, 2018, Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code ("Petition Date"), which case is pending before the United States Bankruptcy Court for the Central District of California ("Court") as Case Number 1:18-bk-11342-VK ("Bankruptcy Case").

C.    On July 5, 2018, the Court appointed Trustee as the interim Chapter 11 trustee for the Debtor's estate.

D.    On August 29, 2018, the Trustee closed the Debtor's business and changed the locks on the Premises. In addition, on August 29, 2018, the Trustee filed a motion to covert the Debtor's case to Chapter 7 of the Bankruptcy Code ("Code").

E.    On September 4, 2018, Landlord filed a motion for relief from stay, seeking, among other relief, to proceed with its state law rights to evict the Debtor/Trustee and re-lease the Premises.

F.    September 22, 2018 was the 120th day following the Petition Date. As such, the Lease was deemed rejected in accordance with Code §365(d)(4).

G.    Pursuant to an order of the Court entered on September 27, 2018, the Debtor's case was converted to one under Chapter 7 of the Code and the Trustee was appointed the Chapter 7 Trustee.

H.    Pursuant to an order of the Court entered on October 4, 2018, the Court granted Landlord's motion for relief from stay. On October 16, 2018, the Trustee surrendered possession of the Premises to the Landlord.

I.    The Trustee and Landlord recognize that some personal property of the estate remains in the Premises. The property consists of used furniture and equipment as well as certain books and records ("Property"). The parties appreciate that there are several costs associated with the Trustee's efforts to remove and/or sell the Property, as well as the time and inconvenience associated with the same.

NOW, THEREFORE, in consideration of the above Recitals and the mutual covenants, promises and other consideration provided for herein, the receipt and adequacy of which is

Scanned with CamScanner

hereby acknowledged, the parties agree as follows:

## AGREEMENT

1.　　The above Recitals are incorporated hereat by this reference.

2.　　This Agreement shall not be effective until an order ("Final Order") approving this Agreement has been entered by the Court. The Trustee agrees to file a Motion to Approve this Agreement pursuant to Rule 9019 no later than five (5) business days following the date that Landlord signs this Agreement. For purposes of this Agreement, an order shall be final 14 days after entry, provided that prior to such date, no stay of such order has been granted and remains in effect. The Trustee agrees to request in the Motion a finding that Landlord is a "good faith" purchaser pursuant to Code §363(m),.

3.　　Within three business days from the date of entry of Final Order, Landlord shall pay the Trustee the sum of $10,000 for the Property. The Property is being sold to the Landlord, "as is" and "where is" without any warranties or representations from the Trustee as to the condition of the Property and without overbid.

4.　　The Landlord agrees that the Trustee may have access to the premises through November 2, 2018 to complete the Trustee's review the Debtor's remaining books and records and to remove such additional records as the Trustee deems necessary in his sole discretion and at the mutual convenience of the Landlord and the Trustee. Any records remaining after November 10, 2018 shall be deemed abandoned by the Trustee and the Order approving this agreement shall so provide.

4.　　This Agreement contains and embodies the entire agreement of the parties with regard to the obligations under this Agreement and to the matters covered in this Agreement, and no representations, inducements, or other agreements, oral or otherwise, not embodied herein, exist nor shall they be of any force or effect. This Agreement can only be modified or amended by a subsequent written agreement signed by the parties.

5.　　This Agreement is binding upon and shall inure to the benefit of the parties, their respective agents, employees, representatives, shareholders, officers, directors, partners, board members, divisions, corporations, subsidiaries, parents, affiliates, assigns, heirs, predecessors, and successors, past, present, and future, and all of their insurers, guarantors, sureties and reinsurers.

6.　　The parties to this Agreement shall each be deemed to have drafted this Agreement, such that no ambiguity in this Agreement, if any, shall be construed against any party.

7.　　The parties shall each bear their own costs, expenses and fees, of all kind, including attorney, consultant, and expert fees, relating to this Agreement and the Court approval of the same.

8.　　The parties agree to execute any and all such other documents and perform such other acts as are necessary to give effect to the intent and purposes of this Agreement.

Scanned with CamScanner

9.     If any part, provision, condition, or term of this Agreement, or the application thereof to any person, party or circumstance, shall to any extent be invalid or unenforceable, the remainder of this Agreement shall not be affected thereby, and each part, provision, condition or term of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.     This Agreement is entered into and shall be subject to the laws of the State of California.  The Court shall retain exclusive jurisdiction over this matter.

11.     This Agreement may be signed in counter-parts; all of which taken together shall be construed as one original.  Electronic signatures shall constitute original signatures.

12.     Each party hereto represents and warrants that it is represented by, or has had the opportunity to consult with, legal counsel and that it is authorized to sign this Agreement and bind the respective party hereby and that all acts necessary to confer such authority have been duly, properly and legally taken.

IN WITNESS WHEREOF, the parties hereto have executed or caused this Agreement to be executed as of the date first written above.

| Hala Enterprises, LLC<br><br>By: _____<br>Agassi Halajyan,     10/25/2018<br>Manager | _____<br>Howard M. Ehrenberg, solely in his capacity as the Chapter 7 Trustee for the Estate of Victory Entertainment, Inc. |

Scanned with CamScanner

9.      If any part, provision, condition, or term of this Agreement, or the application thereof to any person, party or circumstance, shall to any extent be invalid or unenforceable, the remainder of this Agreement shall not be affected thereby, and each part, provision, condition or term of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.     This Agreement is entered into and shall be subject to the laws of the State of California.  The Court shall retain exclusive jurisdiction over this matter.

11.     This Agreement may be signed in counter-parts; all of which taken together shall be construed as one original.  Electronic signatures shall constitute original signatures.

12.     Each party hereto represents and warrants that it is represented by, or has had the opportunity to consult with, legal counsel and that it is authorized to sign this Agreement and bind the respective party hereby and that all acts necessary to confer such authority have been duly, properly and legally taken.

IN WITNESS WHEREOF, the parties hereto have executed or caused this Agreement to be executed as of the date first written above.

| Hala Enterprises, LLC | |
|---|---|
| By: _____ <br> Agassi Halajyan, <br> Manager         10/25/2018 | _____ <br> Howard M. Ehrenberg, solely in his capacity as the Chapter 7 Trustee for the Estate of Victory Entertainment, Inc. |

Scanned with CamScanner